**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| 425 Third Street SW, Suite 800 | ) |
| Washington, DC 20024, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| 950 Pennsylvania Avenue NW | ) |
| Washington, D.C. 20530, | ) |
| | ) |
| *Defendant*. | ) |
| _____ | ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.    Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington D.C. 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5.    On October 16, 2025, Plaintiff sent a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following records:

1.    All records of communications sent between former Rep. Adam Kinzinger and any official in the FBI regarding the acquisition and/or offer to provide the FBI with a reported 30 million lines of telephone toll data between the White House switchboard and conservatives' phones gathered by the congressional January 6 Committee, as reported at https://justthenews.com/government/congress/congress-collected-30-million-lines-phone-data-trump-j6-probe-raising-civil.

2.    All records of communications sent between former Rep. Denver Riggleman and any official in the FBI regarding the acquisition and/or offer to provide the FBI with a reported 30 million lines of telephone toll data between the White House switchboard and conservatives' phones gathered by the congressional January 6 Committee, as reported at https://justthenews.com/government/congress/congress-collected-30-million-lines-phone-data-trump-j6-probe-raising-civil.

3.    All FBI reports, memoranda, and internal communications regarding the reported acquisition and/or offer to provide the FBI with a reported 30 million lines of telephone toll data between the White House switchboard and conservatives' phones gathered by the congressional January 6 Committee.

6.    The FBI again acknowledged receipt of the request by letter dated October 28, 2025, and advised Plaintiff that the request had been assigned FOIPA Request No. 1695139-000.

2

7. In subsequent correspondence with the FBI, Plaintiff agreed to narrow its request on March 12, 2026 to the records requested in items 1 and 2 only, while reserving the right to seek production of the records requested in item 3 at a later date.

8. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by November 14, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 21, 2026

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5175
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*